IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                          Case No. 1:09-cr-10009-001

RICARDO JEFFERSON                                                     DEFENDANT

## ORDER

Before the Court is Defendant Ricardo Jefferson's Motion to Reconsider the Court's Order and Request to Supplement Defendant's Motion for a Reduced Sentence to Request a Downward Variance. (ECF No. 59). The Court finds that no response is necessary and that the matter is ripe for consideration.

## I. BACKGROUND

On December 10, 2009, Defendant entered a plea of guilty to the charge of distributing more than 5 grams of a mixture or substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). On May 14, 2010, the Court sentenced Defendant to 188 months of imprisonment and 5 years of supervised release. The Eighth Circuit later affirmed the Court's judgment. *See United States v. Jefferson*, 399 Fed. App'x 135, 136 (8th Cir. 2010).

On February 12, 2019, Defendant filed a motion seeking a sentence reduction pursuant to Section 404 of the First Step Act of 2018 (the "FSA"). Defendant also asked for the Court to conduct a full resentencing in his presence. On March 20, 2020, the Court denied Defendant's motion to the extent that it sought a full resentencing on all issues. On March 25, 2020, the Court granted Defendant's motion to the extent that it sought a sentence reduction under the FSA and entered an amended judgment with his new sentence.

On March 23, 2020, Defendant filed a motion for reconsideration of the Court's order

denying his request for a full resentencing. Without citing to legal authority authorizing a motion to reconsider in this context, Defendant asks that the Court allow him to supplement the record with evidence of his conduct while incarcerated for consideration of whether a downward variance is appropriate. Defendant states that some federal district courts in nonbinding jurisdictions have granted a downward variance under the FSA after considering the defendant's conduct while incarcerated. Defendant contends that the Court should do so here and that it would not require a resentencing hearing.

## II. DISCUSSION

"None of the Rules of Criminal Procedure authorizes a generic motion to reconsider." *United States v. Grant*, 703 F.3d 427, 434 (8th Cir. 2013) (Riley, J., dissenting); *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). However, "motions to reconsider are 'a well-established procedural rule for criminal, as well as civil, litigation.'" *Grant*, 607 F.3d at 502 (quoting *United States v. Healy*, 376 U.S. 75, 80 (1964)). In addressing motions to reconsider in the criminal context, courts ordinarily apply the same standards as those used in civil cases. *Rollins*, 607 F.3d at 502.

Courts in civil cases are "frequently put in the difficult position of deciding whether a 'motion for reconsideration' is in fact a [Federal Rule of Civil Procedure] 59(e) 'Motion to Alter or Amend a Judgment,' or a [Federal Rule of Civil Procedure] 60(b) 'Motion for Relief from Judgment or Order.'" *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Rule 59(e) governs motions to reconsider that are directed at a final order or judgment. *Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000). Rule 60(b) governs motions to reconsider that are directed at a nonfinal order. *Nelson v. Am. Home Assur. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012). Defendant's motion to reconsider is directed at a nonfinal order regarding whether Defendant is entitled to a

full resentencing hearing under the FSA. Thus, the Court will analyze the instant motion under the Rule 60(b) standard.[1]

Federal Rule of Civil Procedure 60(b) allows a district court to relieve a party from a judgment on the narrow grounds of mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; voidness; satisfaction of judgment; or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "Rule 60(b) authorizes relief in only the most exceptional of cases." *In re Guidant Corp. Implantable Defibrillators Products Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007). "Relief is appropriate when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." *Bissonette v. Dooley*, No. CV 16-5120-JLV, 2017 WL 5499776, at *2 (D.S.D. Nov. 15, 2017). Rule 60(b) motions are "viewed with disfavor," but in certain circumstances can "serve a useful, proper and necessary purpose in maintaining the integrity of the trial process." *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir. 1984).

The purpose of Rule 60(b) relief is not to give parties an opportunity to reargue their case, and it should not be used as a substitute for a timely appeal. *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980); *Nichols v. United States*, No. 4:00cr-00022-003-WRW, 2006 WL 3420303 (E.D. Ark. Nov. 28, 2006). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010). They are not to be used to "introduce new evidence that could have been adduced during pendency" of the motion at issue. *Id.* A motion for reconsideration is

---

[1] However, even if Rule 59(e) governed the instant motion, the following analysis would remain the same, as Rule 59(e) motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

also not the appropriate place to "tender new legal theories for the first time." *Id.* In other words, a motion for reconsideration should be denied absent "(1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence." *Activision TV, Inc. v. Bruning*, 8:13CV215, 2014 WL 1350278, at *1 (D. Neb. Apr. 4, 2014) (collecting cases).

To begin, the instant motion is now moot. The Court has already granted Defendant's request for FSA relief and entered an amended judgment that sets forth his new sentence. Thus, Defendant's motion should be denied.

However, even if the motion was not moot, the Court would nonetheless deny it. Defendant has showed neither a manifest error in the Court's prior ruling nor new facts or legal authority that could not have reasonably been brought to the Court's attention before now. *Id.* A Rule 60(b) motion must be denied absent such a showing.

As stated above, the purpose of a motion to reconsider is not to give parties an opportunity to reargue their case. *Fox*, 620 F.2d at 180. Defendant's underlying FSA motion referenced his incarceration conduct and suggested that a downward variance might be appropriate. The Court's order found that Defendant was not entitled to a full resentencing on all issues and that, if he was found to be eligible for FSA relief, he would receive only "a modification of his existing term of imprisonment, based on retroactive application of the revised drug quantity thresholds set by the Fair Sentencing Act." (ECF No. 58, p.3). Defendant does not point to an error of law in this finding, but instead only reargues that the Court could, in its discretion, grant him a downward variance. This is an improper argument for a motion to reconsider. *Fox*, 620 F.2d at 180.

Motions to reconsider also should not be used to "introduce new evidence that could have been adduced during pendency" of the motion at issue. *Arnold*, 627 F.3d at 721. Defendant does

4

not address why he did not or could not have made his request to supplement the record during the briefing of his FSA motion. He states only that, after filing his FSA motion, he learned that several district courts granted downward variances in similar cases. However, the opinions he cites in support of the request were handed down in mid-2019, the latest of which was issued on July 26, 2019. Defendant does not explain why he only now seeks to supplement the record. Thus, he cannot utilize a motion to reconsider to place that evidence in the record after the fact.

In sum, Defendant's motion to reconsider is moot. However, even if it was not, the Court would deny it because Defendant points to no manifest error in the Court's prior ruling. Moreover, Defendant does not explain why he could not have supplemented the record during the pendency of his underlying FSA motion. For these reasons, the instant motion to reconsider should be denied.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Defendant's motion to reconsider (ECF No. 59) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 25th day of March, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge